**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**ASHLAND**

**CIVIL ACTION NO. 25-114-DLB**

**CASWELL RICHARDS,**                                              **PETITIONER**


**VS.**                    **MEMORANDUM OPINION AND ORDER**


**C. ENTZEL, Warden,**                                            **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Inmate Caswell Richards has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. # 1).  The Court must screen the petition pursuant to 28 U.S.C. § 2243. *Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021).

A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  The Court evaluates Richards's petition under a more lenient standard because he is not represented by an attorney.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In March 2023 Richards, a citizen of Jamaica, reached an agreement with the government to plead guilty to a single count of conspiracy to distribute 5 kilograms or

1

more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846.  *See United States v. Richards*, No. 1:23-CR-18-RDA-1 (E.D. Va. 2023) (Doc. # 55 therein).  Four months later, the trial court imposed a sentence of 72 months imprisonment to be followed by a five-year term of supervised release.  *See* (Doc. # 68 therein).

In December 2023, Richards filed a *pro se* motion in the trial court seeking a reduction in sentence.  *See* (Doc. # 72 therein).  He argued, among other things, that the Bureau of Prisons was improperly declining to apply credits he had earned under the First Step Act of 2018 ("FSA") on the ground that he was subject to an immigration detainer. *See id*. at. 4-5.  However, subsequently-appointed counsel readily acknowledged that "given the ICE detainer, he is ineligible to serve the last 3-12 months of his sentence in a halfway house or home confinement."  *See* (Doc. # 79-1 therein at 2 n.1).  The trial court denied relief, noting that the BOP's refusal to apply credits was appropriate under established authority, and thus provided no extraordinary ground warranting a sentencing reduction.  *See* (Doc. # 83 therein at 4-5).

Richards's current petition repeats a variation of this same argument, contending that the BOP may not refuse to apply earned FSA credits towards release to a halfway house or home confinement, even though he has since become subject to a final order of removal.  *See* (Doc. # 1 at 10-16).  But this contention is squarely foreclosed by the governing law.  Federal law expressly states that "[a] prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws …"  18 U.S.C. § 3632(d)(4)(E)(i).  *See also* 28 C.F.R. § 523.44(a)(2) ("For any inmate eligible to earn FSA Time Credits who is subject to a final order of removal under immigration laws . . . , the Bureau may not apply

2

FSA Time Credit toward prerelease custody or early transfer to supervised release.") (cleaned up).  In light of these provisions, the Sixth Circuit has squarely held that a prisoner "subject to a final removal order [] is statutorily ineligible to have FTCs applied to his sentence." *Herrera v. Rardin*, No. 25-1007, 2025 WL 3904402, at *2 (6th Cir. Aug. 8, 2025).  The Court will therefore deny the petition as without merit.

Accordingly, it is **ORDERED** as follows:

1.      The petition, (Doc. # 1), is **DENIED**.

2.      This matter is **STRICKEN** from the docket.

This 26th day of June, 2026.

Signed By:

David L. Bunning     *DB*

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Richards 0-25-114 Memorandum.docx